BRYANT v. The LILLIE MILLS. See Case No. 8,352.

---

## Case No. 2,069.

### In re BRYCE et al.

[19 N. B. R. 287.] [1]

District Court, S. D. New York.   Feb. Term, 1879.

BANKRUPTCY—COMPOSITION—WHO MAY JOIN IN.

A creditor who has not proved his debt cannot take part in composition proceedings, al-

. [1] [Reprinted by permission.]

though he has been permitted to intervene in the proceedings upon the creditors' petition for adjudication and to act therein upon the reference.

[In bankruptcy. Motion to set aside or reopen a meeting of creditors in composition. Denied.]

W. H. Clark and Charles Tracy, for motion.

M. H. Regensberger and F. Mosher, contra.

CHOATE, District Judge. This is a motion to vacate and set aside or to reopen the first meeting of creditors in composition, on the ground that the register refused to allow the petitioners, who were creditors, but did not prove their debts, to examine the bankrupts, and because the register refused to certify to the court the question thus raised by the petitioners. The case of In re Holmes [Case No. 6,632], established the rule in this district that no creditor could take part in composition proceedings unless he proved his debt. The case has been followed in this and other districts, and the question cannot any longer be considered an open one. There is, therefore, no error in the record. Nor is the case made one which appeals to the court for the reopening of the meeting as a matter of discharge. The petitioners declined to prove their claims, on the ground that such action might affect their rights to proceed for the recovery of their debts in case the composition shall be confirmed. It is not perceived that there is any basis for this position, since debts created by fraud, which the petitioners claim their debts to be, are equally bound by the composition with other debts. In re Rodger [Case No. 11,991].

The desire of these petitioners to examine more fully than has been done into the affairs of the bankrupts can be fully gratified at the second meeting in composition, where the question will be presented to the creditors whether the composition is for the best interests of all concerned. This composition has been approved by all the creditors who appeared at the first meeting and proved their claims, and has been accepted by a majority in number and amount largely in excess of that required by the statute. Under such circumstances it would not be a proper exercise of discretion to reopen the first meeting upon the mere possibility that these petitioners might develop, by an examination, something which would induce some of the assenting creditors to change their votes; even if the petitioners have mistaken their rights in neglecting to qualify themselves to take part in the first meeting by proving their debts.

The fact that the petitioners have been allowed to intervene in the pending proceedings upon the creditor's petition for an adjudication, and to act therein upon the reference to the clerk as parties in interest, does not affect the question or operate to dispense with the customary proof of debts at

the meeting in composition. They were so admitted to intervene, because upon their petition the court saw probable cause to suspect that there might be a purpose on the part of the bankrupt and the petitioning creditors to procure an adjudication by fraud and collusion in a case not within the terms of the statute. In such cases, although, as the law has been declared in this district, a creditor having no special interest to protect, is not entitled as of right so to intervene, but as matter of discretion and to prevent an abuse of the process of the court, any person establishing by prima facie evidence that he is a creditor and that such ground of suspicion exists, may be allowed so to intervene. But for this purpose formal proof of debt is not required, and such admission of the creditor to intervene specially for this purpose does not and ought not to impair that security which every creditor, appearing at a composition meeting, may well require as to the genuineness of the claim of every other creditor who appears and claims the right to vote or take part in and affect the proceedings of the meeting. And the rule and practice above referred to do secure this protection to the creditors, by requiring that formal proof of claims which for the participation in the case for other substantial purposes the law requires. Motion denied.